UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2552 PSG (VBKx) | Date | June 20, 2008 |
|---|---|---|---|
| Title | Clifford Miller v. Wal-Mart Stores, Inc., Con-Agra Foods, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order DENYING Plaintiff's Motion for Voluntary Dismissal and GRANTING Defendants' Alternative Request to Stay Action          (LINK 16)**

     Pending before this Court is Plaintiff Clifford Miller's ("Plaintiff") motion for voluntary dismissal.  The Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local R. 7-15.  After considering the moving and opposing papers, the Court DENIES Plaintiff's Motion and GRANTS Defendants' Alternative Request to Stay the Action.

I.     BACKGROUND

     Plaintiff originally filed this personal injury action in state court on March 20, 2008.  Plaintiff's cause of action arises from the alleged Salmonella Tennessee contamination of certain peanut butter products manufactured and sold by Con-Agra at Wal-Mart stores under the Peter Pan and Great Value brands logos ("Peanut Butter Litigation").  (Opposition at 2.)

     Defendants Wal-Mart Stores, Inc. and Con-Agra Foods, Inc. ("Defendants") removed the action to United States District Court on April 17, 2008 based on diversity jurisdiction and an assessment of damages in excess of $250,000.  (Opposition at 2.)  Plaintiff did not file a motion to remand or otherwise contest Defendants' removal.

     The Peanut Butter Litigation has been centralized in Multi-District Litigation ("MDL") proceeding no. 1845 pursuant to 28 U.S.C. § 1407 in the United States District Court for the Northern District of Georgia, Atlanta Division ("Transferee Court").  The MDL Panel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2552 PSG (VBKx) | Date | June 20, 2008 |
|---|---|---|---|
| Title | Clifford Miller v. Wal-Mart Stores, Inc., Con-Agra Foods, Inc., *et al.* | | |

transferred 17 civil actions to the Transferee Court on July 17, 2007. MDL proceeding no. 1845 was filed on July 23, 3007. Since that time, 179 additional actions have been transferred to the Transferee Court as part of the Peanut Butter Litigation.

On May 2, 2008, the MDL Panel issued a Conditional Transfer Order ("CTO") for Plaintiff's action and transferred it to the Transferee Court because Plaintiff's action was identified as a "tag-along" to the Peanut Butter Litigation. (Opposition at 2.) Plaintiff filed an Opposition to the CTO with the MDL Panel on May 19, 2008. The MDL Panel stayed the CTO until further notice. Plaintiff filed a Motion to Vacate the CTO with the MDL Panel on June 5, 2008. The MDL Panel has not yet ruled on Plaintiff's Motion and will consider the matter at its bimonthly session. This Court's jurisdiction continues until the transfer ruling becomes effective.

Meanwhile, on May 16, 2008, Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice pursuant to Rule 41(a). Defendants opposed the motion and alternatively requested to stay the action pending transfer to the United States Judicial Panel on Multi-District Litigation ("MDL Panel").

I.  LEGAL STANDARD

"[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court. . . . " *Kern Oil Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1390 (9th Cir. 1986) (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)). In considering a motion for voluntary dismissal, the Court must "consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton*, 679 F.2d at 145. "Legal prejudice" is defined as "prejudice to some legal interest, some legal claim, some legal argument." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (quotation omitted). In addition, a court may find plain legal prejudice where significant discovery or pretrial preparations have taken place. *See Kern Oil*, 792 F.2d at 1390.

The Ninth Circuit has also made clear that "[p]lain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton*, 679 F.2d at 145. Indeed, "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved," as it is in

this case. *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2552 PSG (VBKx) | Date | June 20, 2008 |
|---|---|---|---|
| Title | Clifford Miller v. Wal-Mart Stores, Inc., Con-Agra Foods, Inc., *et al.* | | |

1991) (cited with approval in *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96-97).

According to *Rivers v. Walt Disney Corp.*, the court should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation. *Rivers v. Walt Disney Corp.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

III.   DISCUSSION

In his Motion, Plaintiff provides no reason for seeking voluntary dismissal. In his Reply, however, Plaintiff explains that the factors for dismissal weigh in his favor because the action was recently filed, no discovery has been conducted, and little or no expense has been incurred. (Reply at 4.) Therefore, argues Plaintiff, Defendants will not suffer "plain legal prejudice" if the Court dismisses the action.

Defendants, on the other hand, contend that clear legal prejudice is unmistakable since dismissal could undermine the purpose and effect of the Peanut Butter Litigation. Specifically, dismissal could subject Defendants to costly, duplicative discovery, as well as the possibility of inconsistent rulings and results. (Opposition at 4.) Defendants therefore ask the Court to deny Plaintiff's Motion, or, alternatively, request a stay of the action pending transfer to the MDL.

As the Ninth Circuit has explained "[p]lain legal prejudice . . . does not result simply when defendant faces the prospect of a second lawsuit. . . ." *Hamilton*, 679 F.2d at 145. Moreover, as Plaintiff points out, significant discovery or pretrial preparations have not taken place. *See Kern Oil*, 792 F.2d at 1390. Nevertheless, rather than grant dismissal, the Court concludes that granting Defendants' alternative request for a stay of the action pending a decision on the CTO is the more appropriate course of action.

As a preliminary matter, although the MDL Panel has issued a CTO, that order does not deprive this Court of jurisdiction to consider Plaintiff's motion for voluntary dismissal. *See* Judicial Panel on Multidistrict Litigation Rule 1.5. In addition, a district court has inherent power to stay its proceedings. *See Landis,* 299 U.S. at 254. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Id.* Whether or not to grant a stay is within the court's discretion and is "appropriate when it serves the interests of judicial economy and efficiency." *Rivers,* 980 F. Supp. at 1360 (quoting *Weisman v. Southeast Hotel Prop. Ltd. Partnership,* 1992 U.S. Dist 7736 (S.D.N.Y. 1992)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2552 PSG (VBKx) | Date | June 20, 2008 |
|---|---|---|---|
| Title | Clifford Miller v. Wal-Mart Stores, Inc., Con-Agra Foods, Inc., *et al.* | | |

The district court should consider three factors in when weighing a motion to stay: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See Rivers,* 980 F. Supp. at 1360 (citing *Landis*, 299 U.S. at 254-55).

Furthermore, many courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved. *See, e.g., Rivers,* 980 F. Supp. at 1362.

Here, if the MDL Panel transfers the present action the Transferee Court, a stay will likely preserve judicial resources by preventing a duplication of proceedings before this Court and the MDL Court. Plaintiff himself admits that "[i]f this motion is stayed, then this action would likely be transferred to Georgia as part of the MDL." (Reply at 4.) While Plaintiff complains that transferring the case would prejudice him by forcing him to prosecute his case from thousands of miles away in a foreign jurisdiction, this is the not the issue when deciding a motion to stay. Rather, under *Landis*, the court must ascertain the potential prejudice to Plaintiff by having this matter stayed until such time as the MDL Panel decides whether to transfer this case to the MDL. Given the recent filing of the case, the Court can discern no such prejudice.

IV.     CONCLUSION

Therefore, because a stay will likely preserve judicial resources and because Plaintiff has not persuasively identified any prejudice resulting from such a stay, the Court hereby DENIES Plaintiff's motion for voluntary dismissal and GRANTS Defendants' motion to stay pending the MDL's ruling on the objections to the CTO.

IT IS SO ORDERED.

:

Initials of Deputy Clerk

cc: